IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00084-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| BOBBY LEE MCCAINE MINTON, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Dismiss pursuant to 18 U.S.C. §§ 3161(c)(1) and 3162(a)(2). ("Motion") (Doc. No. 29). The Court has carefully considered the Motion, and for the reasons stated below the Court will **DENY** the Motion.

## I. BACKGROUND

On November 19, 2019, the Defendant was charged in a one count Bill of Indictment with Possession of a Firearm by a Convicted Felon. (Doc. No. 1). The Defendant made his initial appearance before this Court on December 16, 2019. (Doc. No. 7). The Court scheduled the Defendant's arraignment and detention hearing for December 19, 2019. At the hearing on December 19, 2019, the Defendant's counsel made an oral motion for the Defendant to receive a competency evaluation. The Court held the Defendant's arraignment and detention in abeyance to allow for a psychiatric evaluation. (Doc. No. 10).

Defendant was transported out of the Mecklenburg County jail on January 6, 2020, (Doc. No. 18-1), and arrived at the Metropolitan Correction Center ("MCC") on January 21, 2020. (Doc. No. 12). On January 24, 2020, the warden of MCC requested an additional 15 days to complete the evaluation. *Id.* The warden wrote that the evaluation would be concluded by March 5, 2020,

1

and the report would be provided to the Court by March 19, 2020. *Id.* The Court granted the request. *Id.* On May 27, 2020, a forensic psychologist filed a report in which she determined that Defendant was not competent to stand trial. (Doc. No. 14). At a hearing on June 11, 2020, the Court considered the report by the forensic evaluator and found that the Defendant was incompetent to stand trial. (Doc. No. 15). On June 23, 2020, the Court ordered that the Defendant be "committed to the custody of the Attorney General for treatment in a suitable medical facility for a reasonable period not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will be restored to competency and able to proceed." (Doc. No. 16).

After the incompetency determination, the Defendant was designated to the U.S. Medical Center for Federal Prisoners ("Medical Center") and arrived at the location on or about November 10, 2020. (Doc. No. 17). On or about March 25, 2021, the Medical Center filed a request with the Court requesting a 120-day extension of the Defendant's period of commitment at the facility. (Doc. No. 21). The Court signed an order granting the request on April 16, 2021. (Doc. No. 23). A psychiatrist from the Medical Center filed a report on August 17, 2021, in which they determined that the Defendant was competent to stand trial. (Doc. No. 24). At a hearing on September 27, 2021, the Court adopted the findings in the psychiatric report and held that the Defendant was competent to stand trial. On October 4, 2021, the Defendant filed a motion to continue the docket call and trial in this matter. (Doc. No. 27).

The Defendant has now filed a Motion to Dismiss pursuant to 18 U.S.C. §§ 3161(c)(1) and 3162(a)(2) arguing that the indictment should be dismissed because the United States has failed to try him within the period required under the Speedy Trial Act. Specifically, the Defendant argues

2

the government's failure to transport him to and from the appropriate facilities in a timely fashion resulted in 247 days of delay countable against the Speedy Trial Act clock. (Doc. No. 29).

## II. DISCUSSION

The Speedy Trial Act ("STA") provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Supreme Court has explained, the STA protects both "a defendant's right to a speedy trial" and "the public interest." *United States v. Gordillo-Escandon,* 832 F. App'x 158 (4th Cir. 2020) (citing *Zedner v. United States*, 547 U.S. 489, 501, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006)). However, the STA does not create a rigid mandate but rather, it is flexible in "recogni[tion] that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner*, 547 U.S. at 497.

Accordingly, the STA's subsection (h)(1) addresses the automatic excludability of delays generated for certain enumerated purposes. *See Bloate v. United States*, 559 U.S. 196, 130 S. Ct. 1345, (2010). It allows for "any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> (B) delay resulting from trial with respect to other charges against the defendant;
> (C) delay resulting from any interlocutory appeal;
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed

3

> in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
> (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161. The Defendant argues that various delays during the pendency of his December 19, 2019 motion seeking a competency evaluation and during his time while he was deemed to be incompetent to stand trial account for 247 days countable against the Speedy Trial Act clock. However, as discussed below, nearly all of the periods of time alleged by Defendant are excluded as countable days under the STA.

   a. **26 days between December 16, 2019 and January 21, 2020**

First, Defendant contends that of the 36 days between his initial appearance and his arrival at the B.O.P. 26 days[1] are countable against the Speedy Trial Act clock. On December 16, 2019, the Defendant made his initial appearance. The Defendant, by way of counsel, made a motion seeking a competency evaluation on December 19, 2019. He arrived at the MCC 36 days after his initial appearance on January 21, 2020. (Doc. No. 10, 12). On June 11, 2020, the Court held a hearing to address the Defendant's motion and determined that the Defendant was incompetent. (Doc. No. 15).

Section 13161(h)(1)(f) allows "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization" to be excluded from the Speedy Trial clock but limits the time excluded to ten days. The Defendant argues that accordingly 26 of the days between his initial appearance and his arrival at the B.O.P. are countable. However,

---

[1] 36 days minus the 10 days allowed for transportation by Section 3161(h)(1)(F).

all this time was excludable. Section 3161(h)(1)(d) expressly excludes any delay "from the filing of the motion through the conclusion of the hearing on such motion or other prompt disposition of, such motion." The Defendant's motion seeking a competency evaluation was made on December 19, 2019 and was not resolved by the Court until June 11, 2020. Accepting the Defendant's reading of the statute would require this Court to hold that transportation during an expressly excluded time could be limited by another enumerated excludable period. However, such a reading is inconsistent with the STA's plain language. *See King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) ("If the statutory language is plain, we must enforce it according to its terms."). The plain text of the statute excludes all time between the filing of and the hearing on a motion, whether that hearing was prompt or not. *See Henderson v. United States*, 476 U.S. 321, 326, 106 S. Ct. 1871, 1875 (1986). Furthermore, Congress clearly understood how to limit an exclusion if it wished to do so. In Section 3161(h)(7), Congress permitted an exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id* (citing § 3161(h)(7)). Congress could have included a "reasonable" limitation or another limitation in the subsection addressing delays resulting from the disposition of motions but chose not to do so. Thus, all the time from the filing of a pretrial motion to its resolution, whether transportation related or not, is excluded from the STA calculation. Consequently, from December 19, 2019 to June 11, 2020, including any transportation delay, is excluded from the Speedy Trial Act clock. *See United States v. Tewid*, 86 F. App'x. 224, 225 (9th Cir. 2003) ("[defendant] contends that there were days during this period of time that should not have been excluded because there was a transportation delay in excess of that permitted…[h]owever, regardless of the merits of that issue, the time in question was still excludable because it was separately attributable to a delay pertaining to proceedings associated

5

with determining the mental competency of the defendant and resolving motions pertaining thereto"). Therefore, all but the 3 days between the Defendant's initial appearance and the June 11, 2020 hearing are excluded from the Speedy Trial Act clock.

### b. Two Delays Related to Defendant's Incompetency Report Accounting for 83 days

Second, Defendant argues that two delays, totaling 83 days, related to the report finding him to be incompetent should count against the Speedy Trial Act clock. The report finding him incompetent was not completed until at least 27 days after the examination was complete and there was a delay between April 1, 2020 (when the report's cover letter was dated) and May 27, 2020 (when it was filed with the court), a period of 56 days. However, again, for the reasons discussed above all the time between December 19, 2019 and June 11, 2020 is excluded pursuant to Section 3161(h)(1)(d) as it was during the pendency of the Defendant's motion.

Additionally, even if these dates were not excluded under Section 3161(h)(1)(d), the STA provides that any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" are excluded when counting the days against the Speedy Trial Act clock. *See* 18 U.S.C. § 3161(h)(1)(a). The Defendant incorrectly asks this Court to read "resulting" and "examination" exceedingly narrowly. The phrase "resulting from" means "proceed[ing], spring[ing], or aris[ing] as a consequence, effect, or conclusion." *See Bloate v. United States*, 559 U.S. 196, 221, 130 S. Ct. 1345, 1361 (2010) (Alito, J. dissenting) (citing Webster's Third New International Dictionary 1937 (1971)). Therefore, a delay "resulting from" an examination properly encompasses any delay that occurs because of such a motion. The time between the examination, the Defendant leaving the facility, and the report's filing with the Court is clearly a consequence of the examination. If the Court followed the Defendant's reading of "resulting," the only time excluded would be the actual examination and possibly the time it

6

Case 5:19-cr-00084-KDB-DSC    Document 35    Filed 12/28/21    Page 6 of 10

takes to file the report. This would essentially read the word "resulting" out of the statute. Therefore, all of these 83 days are excludable from the Speedy Trial Act clock under both 18 U.S.C. §§ 3161(h)(1)(d) and 3161(h)(1)(A).

### C. <u>131 Days Attempting to Restore the Defendant to Competency</u>

Lastly, Defendant contends the order committing him "to the custody of the Attorney General for treatment in a suitable medical facility for a reasonable period not to exceed four months" for competency restoration was entered on June 23, 2020 and that he wasn't transported from the Mecklenburg County Sheriff's Department to MCFP Springfield until November 10, 2020. Thus, he argues a period of 131[2] days is countable against the Speedy Trial Act clock.

In raising this issue, Defendant highlights the fact that when the issue of a defendant's competency is raised, potentially two different time periods in two different statutes might apply. *See* 18 U.S.C. § 4241(d)(1) and 18 U.S.C. § 3161(h)(4). Specifically, Defendant argues the question for the Court is whether this period constituted "delay resulting from transportation of any defendant…to and from places of examination or hospitalization" under § 3161(h)(1)(f), or "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent" under § 3161(h)(4) and cites to 18 U.S.C. § 4241(d)(1) in support of his position that § 3161(h)(1)(f) applies to count much of this time.

While § 3161(h)(4) contains no limitation on the time in which a determination must be made that the defendant has been restored to competency or that there is "substantial probability that in the foreseeable future he will attain" competency, § 4241(d)(1) limits that allowable time to four months. *United States v. Wayda,* 966 F.3d 294, 308 (4th Cir. 2020) ("[T]he statutory framework at issue here provides only a four-month window to fully determine whether there is a

---

[2] Defendant concedes ten of those days would be excludable pursuant to § 3161(h)(1)(F), and therefore the total is 131 days, not 141, against the Speedy Trial clock.

substantial probability that a person's competency can be restored pursuant to § 4241(d)(1)."). This limitation, the Defendant argues, is more consistent with § 3161(h)(1)(f) than § 3161(h)(4) and thus the proper analysis excludes only ten days under § 3161(h)(1)(f). The Government presumably argues[3] that after the Court's June 11, 2020 hearing where Defendant was found to be incompetent and ordered to undergo treatment, the Defendant was at all times incompetent within the meaning of the Speedy Trial Act, and thus, any transportation delays between June 11, 2020 and September 27, 2021 are irrelevant because the Speedy Trial Act clock was tolled.

The Fourth Circuit Court of Appeals has not directly addressed this issue; however, other circuits have held that the STA is not limited by other restrictions on mental competency proceedings. *See United States v. Hunter*, No. 2:12cr124, 2013 U.S. Dist. LEXIS 156497, at *24-25 (E.D. Va. Oct. 30, 2013) (citing *White v. United States*, 273 F. App'x. 559, 565 (7th Cir. 2008) ("[T]here is no sanction for exceeding the time limits in § 4247(b), and we have declined to incorporate the time limits from that statute into the Speedy Trial Act, which sets no limit on the period that is excluded for competency or other mental evaluations."); *United States v. Gurley*, 918 F.2d 179, (6th Cir. 1990) (excluding from the speedy trial clock the entire sixteen-month delay due to the defendant's mental incompetency under § 3161(h)(4)); *Barfield v. Settle*, 209 F.Supp. 143 (W.D. Mo. 1962) (holding that a defendant's continued detention under findings that he was probably dangerous and incompetent to stand trial did not entitle him to dismissal of the charges against him on the grounds that he had been denied a speedy trial and stating "[i]n *White*, the Seventh Circuit further noted that 'the first period [defendant] challenges . . . was excludable because [he] had been adjudicated incompetent and committed for treatment.'")).

---

[3] It is hard to know exactly what the Government argues based on its skeletal response to the Defendant's Motion to Dismiss.

The Defendant almost exclusively cites *United States v. Wayda*, 966 F.3d 294 (4th Cir. 2020) to support his position. However, *Wayda* is not a Speedy Trial Act case but a case involving a delay between a district court's unrestorability determination and the filing of a civil commitment certificate. *Id*. at 295. Consequently, this Court will not impose an atextual time limitation not found in the Speedy Trial Act. Simply put, § 4241(d)(1) sets an initial reasonable period for restorative treatment at four months but has nothing to say about the Speedy Trial Act clock while, on the other hand, § 3161(h)(4) is directly related to the Speedy Trial Act clock, and clearly states "[a]ny period of delay" is to be excluded. Thus, Congress plainly intended to exclude from Speedy Trial Act calculations all the time a defendant is incompetent to stand trial. *See United States v. Almendarez*, No. 13-130, 2015 U.S. Dist. LEXIS 54656, at *12 (W.D. Pa. Apr. 27, 2015). Accordingly, the entire period that the Defendant was incompetent, June 11, 2020 through September 27, 2021, is excluded from the Speedy Trial Act analysis.

In sum, out of the 247 days[4] the Defendant alleges are countable against the Speedy Trial Act clock, 237 days are excluded by the Speedy Trial Act, 18 U.S.C. § 3161, for the reasons stated above. Therefore, the seventy-day maximum of countable days has not been reached and the Defendant's Motion to Dismiss will be **DENIED**.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss (Doc. No. 29) is **DENIED.**

---

[4] Defendant argues: 26 days due to the prior competency evaluation; 27 days for the time spent producing the report after the examination was complete and Defendant had left the facility; 56 days for the time between the completion of the report and when filed with the Court; 131 days for the time elapsed between the June 23, 2020 the Commitment Order and the Defendant's arrival at the facility; 7 days for the time between September 27, 2021 and October 4, 2021, when the Defendant filed a motion to continue the trial date, at which point the Speedy Trial clock was tolled pursuant to § 3161(h)(1)(D) and then pursuant to § 3161(h)(7) the following day when the Court granted the motion; For a total of 247 days countable against the Speedy Trial clock.

Signed: December 27, 2021

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

10